IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRITTANY J. BRIGHT,

       Plaintiff,

                                3:12-cv-01565-PK

                                FINDINGS AND
v.                             RECOMMENDATION

CAROLYN W. COLVIN,
Commissioner of Social Security,

       Defendant.

PAPAK, Magistrate Judge:

       Plaintiff Brittany Bright ("Bright") seeks judicial review of the Commissioner of Social Security's final decision denying her application for social security insurance ("SSI") under Title IX of the Social Security Act (the "Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). I have considered all of the parties' briefs and all of the evidence in the

administrative record. For the reasons set forth below, the Commissioner's final decision should be affirmed.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge ("ALJ") considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. § 416.920(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. § 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(c). The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); *see also Bowen*, 482

U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.920(c).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d). If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. § 416.920(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related, physical and mental activities on a regular and continuing basis, despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. § 416.945(a); *see also* Social Security Ruling ("SSR") No. 96-8p, 1996 WL 374184.

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f). In the event the claimant is

no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof is, for the first time, on the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether the claimant can perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets its burden to demonstrate that the claimant is capable of performing jobs existing in significant numbers in the national economy, the claimant is conclusively found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits if the Commissioner fails to meet its burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g)

## LEGAL STANDARD

A reviewing Court must affirm an Administrative Law Judge's decision if the ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* The Court may not substitute its judgment for that of the Commissioner. *See id., citing Robbins*, 466 F.3d at 882;

4 – FINDINGS AND RECOMMENDATION

*see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the ALJ's interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible [of] more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## BACKGROUND

Born in July, 1984, Bright was 4 years old on the alleged onset date of January 2, 1989. Tr. 527.[1] She protectively filed for SSI on August 17, 2009, alleging disability due to asthma and hepatitis C. Tr. 19, 27, 150, 527. After her applications were denied initially and on reconsideration, Bright requested a hearing before an ALJ. Tr. 101-05. She appeared before ALJ John Bauer on April 13, 2011, and was represented by her attorney, Richard Sly. Tr. 34. Bright's parents Debbie and Greg Reinard also testified, as did Paul Morrison, an impartial vocational expert. *Id.*

At the hearing, Bright testified that she has a history of drug abuse, but that she had been clean and sober for three years. Tr. 38. Later in the hearing, however, she conceded that she had recently used marijuana. Tr. 56. She stated that she lives on the streets, panhandles for money, relies upon food stamps for food, and had a baby that she gave up for adoption three years ago. Tr. 39, 51, 57. She periodically lives with her parents, who have offered to take her in. Bright explained that she refuses to stay with her parents longer than a "day or two" because she does not want to follow their rules. *Id.*, 46, 53.

Bright told the ALJ that she cannot work because of her bad hygiene and asthma, and because she has difficulty with focus, spelling, and concentration. Tr. 40-41. She stated that she was not currently working because no one would hire her. Tr. 59. She testified that she requires

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 13.

5 – FINDINGS AND RECOMMENDATION

constant supervision in order to perform a job. Tr. 42. Bright last worked in 2007 but lost the job because of her poor attendance. Tr. 57-58.

Bright stated that she was sexually abused as a child and is troubled by thoughts of her past trauma every day. Tr. 44. She was prescribed psychiatric medication in the past but testified that she had not taken it in several years because she does not have insurance. *Id.* She is easily confused and stated that she relied upon her mother to remind her of the hearing. Tr. 48-49. She forgets to take her asthma medication, which leads to random asthma attacks and pain in her chest and liver. *Id.*

After the hearing, ALJ Bauer issued decision on April 26, 2011, finding Bright not disabled. Tr. 28. The Appeals Council denied Bright's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-5; *see* 20 C.F.R. § 422.210(a); *see also, e.g., Sims v. Apfel*, 530 U.S. 103, 107 (2000). This appeal followed.

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the ALJ found that Bright had not engaged in substantial gainful activity since her application date of August 17, 2009. Tr. 21. At the second step, the ALJ found that Bright's asthma was a severe impairment. *Id.* Because Bright's impairment was deemed severe, the ALJ proceeded to the third step of the analysis.

At the third step, the ALJ found that none of Bright's impairments met or equaled any of the impairments enumerated in 20 C.F.R. § 404, subpt P, app. 1. Tr. 22. The ALJ therefore conducted an assessment of Bright's RFC. The ALJ found that during the relevant adjudication period Bright could perform a full range of work at all exertional levels, with the limitation that she avoid excessive fumes, dusts, and odors. Tr. 22.

At the fourth step of the five-step process, the ALJ found that Bright had no past relevant work. Tr. 26. At step five, the ALJ determined that Bright could perform jobs that exist in significant numbers in the national economy, such as kitchen helper and hand packager. Tr. 27. Based on his step five findings, the ALJ concluded that Bright was not disabled. Tr. 27-28.

## ANALYSIS

Bright argues that the Commissioner erred because he (1) improperly evaluated the medical evidence; (2) omitted her mental impairments from the list of severe impairments at step two; and (3) improperly rejected the lay witness testimony. Because the ALJ's decision was supported by substantial evidence, this case should be affirmed.

### I. Medical Evidence

Bright challenges the ALJ's evaluation of the medical evidence. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit distinguishes between the opinions of treating, examining, and non-examining physicians. The opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). In contrast, if the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's

7 – FINDINGS AND RECOMMENDATION

testimony, and inconsistency with a claimant's daily activities. *Tommasetti*, 533 F.3d at 1040. An ALJ may also discount a medical source's opinion that is inconsistent with the source's other findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir 2005).

### 1. Rosemary Berdine, Psy. D.

Bright first argues that the ALJ improperly rejected the medical opinion of examining psychologist Rosemary Berdine, Psy. D. Dr. Berdine performed a psychological evaluation in September of 1996, when Bright was 12 years old. Tr. 117. She diagnosed generalized anxiety disorder, ADHD, and asthma, and assessed Bright's GAF score at 40. Tr. 121. She also noted that Bright's highest GAF score in the past year was 50. *Id.* Dr. Berdine recommended that Bright receive additional therapy to address recent abuse issues and self-esteem. *Id.*

The ALJ found that Dr. Berdine's opinion conflicted with other medical evidence in the record, notably the opinion of Charlotte Cohen, M.D. Tr. 632. Dr. Cohen authored a discharge summary for Bright when she was released from the Oregon State Hospital in 2002. Tr. 630. She diagnosed Bright with several substance abuse disorders, but only assessed the mental limitations of mood disorder, NOS,[2] and dependent personality. Tr. 632. Dr. Cohen thus did not concur with the more severe mental limitations assessed by Dr. Berdine. *Id.* Because Dr. Berdine's opinion was contradicted by other, more recent medical evidence in the record, the ALJ was required to provide specific, legitimate reasons for rejecting Dr. Berdine's opinion. *Lester*, 81 F3d at 830.

The ALJ provided specific, legitimate reasons for rejecting Dr. Berdine's limitations. First, the ALJ noted that Dr. Berdine examined Bright shortly after she was sexually molested.

---

[2] As discussed below, the ALJ rejected Dr. Cohen's diagnosis of mood disorder because it was based upon Bright's subjective statements, which the ALJ found to be not credible. *Andrews v. Shalala*, 53 F.3d 1035, 1042–43 (9th Cir. 1995) (diagnoses based on unreliable self-reporting can properly be

8 – FINDINGS AND RECOMMENDATION

Tr. 21-22. This indicates that the severity of Dr. Berdine's findings could be temporary, and therefore not an appropriate basis for a disability determination. *See* 20 C.F.R. § 416.909 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months."). A more recent medical opinion in the record from consultative examiner Matthew Hansen, M.D., in 2009, found Bright to be "emotionally stable" and "not disheveled." Tr. 1074-78. On this record, the ALJ was entitled to infer that Dr. Berdine's findings were temporary and not an appropriate basis for a disability determination. 20 C.F.R. § 416.909.

Second, Dr. Berdine's opinion was rendered when Bright was 12 years old, over a decade prior to the decision date. In general, the most recent medical report is the most probative. *See Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2000) ("[a] treating physician's most recent medical reports are highly probative"). Further, the ALJ need not discuss all evidence, but must explain only why significant, probative evidence has been rejected. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The more recent and thus more probative opinions of Drs. Cohen and Hansen regarding Bright's mental limitations conflicted with Dr. Berdine's assessment. The fact that Dr. Berdine's opinion was rendered over a decade prior to the decision date, and was contradicted by more probative evidence, constituted further reason for rejecting Dr. Berdine's opinion as to Bright's mental limitations.

On this record, the ALJ provided sufficient specific, legitimate reasons for rejecting Dr. Berdine's opinion. Although Bright challenges additional reasons the ALJ provided for his rejection of Dr. Berdine's opinion, this Court will not disturb the ALJ's finding where, as here, it

---

accorded less weight).

9 – FINDINGS AND RECOMMENDATION

is supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) *citing Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999). The ALJ's evaluation of Dr. Berdine's opinion was supported by substantial evidence and should be affirmed.

### 2. Other Medical Evidence

Bright also challenges the ALJ's rejection of other medical evidence of her mental limitations, specifically diagnoses of mood disorder, PTSD, and psychotic disorder. First, the record contains diagnoses of PTSD and psychotic disorder from a clinician at Cascadia Behavioral Healthcare in 2003, when Bright was 19 years old. Tr. 640. This report was apparently not from an acceptable medical source and the ALJ was thus only required to provide germane reasons for rejecting it. *See* 20 C.F.R. § 416.913(d)(1); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ noted that, in general, the record shows that Bright has denied psychotic symptoms and anxiety. Tr. 22. The ALJ also found that the reports from Cascadia were unsupported by clinical findings. *Bayliss*, 427 F.3d at 1216 (an ALJ may discount a medical opinion because it is insufficiently supported by clinical findings). On this record, the ALJ provided legally sufficient reason to reject the Cascadia opinion. *Lewis*, 236 F.3d at 511.

Second, the record contains a mood disorder diagnosis made on May 15, 2002, when Bright was 17 years old. Tr. 622, 629. The ALJ rejected this evidence because the diagnosis was based on Bright's subjective statements, as opposed to objective findings. Tr. 622. Diagnoses based on unreliable self-reporting can properly be accorded less weight. *Andrews v. Shalala*, 53 F.3d 1035, 1042–43 (9th Cir. 1995). Bright does not challenge the ALJ's negative credibility finding. The fact that the mood disorder diagnosis was based largely on Bright's unreliable subjective statements is a legally sufficient reason to reject the May, 2002 mood disorder diagnosis. *Bayliss*, 427 F.3d at 1216. On this record, the ALJ provided a reasonable

10 – FINDINGS AND RECOMMENDATION

interpretation of the medical evidence and his assessment should be upheld. *Magallanes*, 881 F.2d at 750.

## II. Step Two Findings

Bright also argues that the ALJ erred because he failed at step two to find her mental impairments were "severe." At step two, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments; step two findings must be based upon medical evidence. 20 C.F.R. § 416.920(a). An impairment is "not severe" if it "does not significantly limit [the claimant's] ability to do basic work activities." *Id.* "Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two." *Harrison v. Astrue*, 2011 WL 2619504, *7 (D. Or. July 1, 2011) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)).

The "effect of this harmless error doctrine is tempered by additional requirements," however, when a claimant asserts disability due to mental impairments. *Id.* In these cases, the ALJ is required to "'document application of the [Psychiatric Review Technique] in the decision.'" *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011) (*quoting* 20 C.F.R. § 416.920a(e)); see also *Dykstra v. Barnhart*, 94 Fed. Appx. 449, 450 (9th Cir. 2004). This technique is reflected in a Psychiatric Review Technique Form ("PRTF"), wherein the reviewer must: (1) "determine whether an applicant has a medically determinable mental impairment"; (2) "rate the degree of functional limitation for four functional areas"; and (3) "determine the severity of the mental impairment (in part based on the degree of functional limitation)." *Keyser*, 648 F.3d at 725 (citing 20 C.F.R. § 416.920a). Accordingly, the ALJ's written opinion must "incorporate the pertinent findings and conclusions based on the technique"

and "include a specific finding as to the degree of limitation in each of the functional areas." *Keyser*, 648 F.3d at 725 (citations and internal quotations omitted).

Failure to document the application of the technique in the opinion "requires reversal if the plaintiff had a 'colorable claim of a mental impairment.'" *Dykstra*, 94 Fed.Appx. at 450 (citing *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000) (construing an earlier version of section 1520a)); *see also Keyser*, 648 F.3d at 726. A colorable claim "is one which is not 'wholly insubstantial, immaterial, or frivolous.'" *Dykstra*, 94 Fed.Appx. at 450 (quoting *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 981 (9th Cir. 2002)); *see also Keyser*, 648 F.3d at 726-7.

Here, the ALJ considered the voluminous medical record regarding Bright's alleged mental health condition. As discussed above, the ALJ considered and rejected evidence of Bright's alleged ADHD, psychotic disorder, PTSD, and mood disorder. The ALJ also noted that psychological examinations performed during the relevant period showed no abnormalities. Tr. 26, 1093, 1237, 1246-48. Nevertheless, to supplement the record regarding Bright's mental health condition, the Agency ordered a consultative psychological examination. Tr. 100. Bright failed to attend the scheduled examination, and did not cooperate with the Agency's efforts to reschedule the examination. Tr. 100, 1201.

The Agency medical consultant, Kordell Kennemer, Psy. D., concluded that there was not enough evidence in the record to demonstrate a claim of mental impairment. Tr. 1189-1202. Accordingly, the ALJ credited Dr. Kennemer's opinion and concluded at step two that none of Bright's alleged mental impairments were severe. On this record, because the ALJ properly evaluated the evidence and the Agency consultant did not find sufficient evidence of a mental impairment, Bright has not met the minimal "colorable claim" standard for reversible error at

12 – FINDINGS AND RECOMMENDATION

step two. *See Keyser*, 648 F.3d at 726-27 (remand is required for the ALJ to expressly rate a claimant's mental functional abilities when the evidence demonstrates a colorable claim of mental impairment). The ALJ was therefore not required to make specific findings as to each of four functional areas collectively known as the "B" Criteria for Bright's alleged mental impairments.

Bright also argues that the ALJ erred because he failed to mention Bright's hepatitis C or make any findings as to its existence or severity. Tr. 570, 629. She argues that the ALJ further erred because he failed to incorporate the fatigue associated with her hepatitis C into the RFC. Bright, however, has the burden to show that her hepatitis C-related impairments resulted in greater limitations than the ALJ included in the RFC. *Burch*, 400 F.3d at 682-83. The ample evidence of physical examinations in the record do not substantiate fatigue or other associated limitations of hepatitis C. Bright has therefore not met the burden to show that her hepatitis C and fatigue resulted in greater limitations than the ALJ included in the RFC. The ALJ's step two findings should be affirmed.

## III. Lay Witness Testimony

Bright argues, finally, that the ALJ erred by rejecting the lay witness testimony of her parents, Debbie and Greg Reinard. An ALJ must consider lay witness testimony used to show the severity of an impairment or how it affects the claimant's ability to work, but may disregard it by doing so expressly and giving reasons germane to each witness. 20 C.F.R. § 416.913(d)(4); *Lewis*, 236 F.3d at 511 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). An ALJ need not discuss every witness's testimony, and "if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citing

*Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009)). Direct conflict with the medical evidence of record is an appropriate reason to reject lay testimony. *Lewis*, 236 F.3d at 511. The ALJ may also reject lay testimony predicated upon the testimony of a claimant properly found not credible when the lay testimony repeats the limitations expressed in the claimant's testimony. *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)

Bright argues that the ALJ failed to discuss the lay witness testimony "and make findings as to its weight and credibility." Pl.'s Reply Br. 2. As an initial matter, the ALJ is not required to discuss the testimony of each lay witness. *Molina*, 674 F.3d at 1114. Further, the ALJ discussed the lay testimony of Bright's parents. Tr. 23. For example, the ALJ noted that Ms. Reinard corroborated Bright's testimony that she had difficulty with focus and concentration.[3] Tr. 23. As this contention merely repeats Bright's testimony regarding her limitations, which the ALJ properly rejected, the ALJ was entitled to reject it. *Valentine*, 574 F.3d at 694; *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (the ALJ is not required to incorporate properly rejected limitations into the RFC).

Bright cites a letter from Ms. Reinard stating that Bright's "ability to make decisions and reason are poor." The ALJ rejected this statement, in part because of medical evidence in the record reflecting Bright's appropriate conversation and affect. The ALJ also noted that, in the same letter, Ms. Reinard suggests that Bright's alleged mental deficits are due to her drug use. Tr. 605-06. While Bright cites other examples in the record that support an alternative interpretation of her mental limitations, the ALJ's rational interpretation of the evidence must be upheld. *Magallanes*, 881 F.2d at 750. Bright does not cite any other testimony from either Mr. or Ms. Reinard asserting affirmative limitations that the ALJ failed to incorporated into the RFC.

---

[3] The ALJ also noted that Mr. Reinard testified that Bright likely still uses marijuana. Tr. 23.

14 – FINDINGS AND RECOMMENDATION

On this record, the Court can find no error in the ALJ's treatment of the lay witness testimony. The ALJ's evaluation of the lay witness testimony should be affirmed.

## RECOMMENDATION

For the reasons set forth above, the Commissioner's final decision in connection with Bright's application for supplemental security income should be affirmed, and judgment should be entered accordingly.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Recommendation. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

Dated this 24th day of April, 2014.

                                                                            */s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge

---

This testimony does not introduce any additional limitations not already found within the record.

15 – FINDINGS AND RECOMMENDATION