IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BRITTANY J. BRIGHT**,

      Plaintiff,

  v.

**CAROLYN W. COLVIN,**
**Commissioner of Social Security**,

        Defendant.

No. 3:12-cv-01565-PK

OPINION AND ORDER

**MOSMAN, J.**,

On April, 24, 2014, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [37] in the above-captioned case, recommending that the Commissioner's final decision be ADOPTED.  Plaintiff objected [41], and Defendant responded [42].

The magistrate judge makes only recommendations to the court, to which any party may file written objections.  I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination.  I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made.  28 U.S.C. § 636(b)(1).  However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those

portions of the F&R to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140,

149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level

of scrutiny under which I am required to review the F&R depends on whether objections have

been filed, in either case I am free to accept, reject, or modify any part of the F&R.  28 U.S.C.

§ 636(b)(1).

Upon review, I agree with Judge Papak's recommendation, and I ADOPT the F&R [37]

as my own opinion.  I write further to clarify two issues that arose with the objections subsequent

to Judge Papak's recommendations.

These objections are iterations of Ms. Bright's initial argument that the ALJ failed to

properly to conduct a legally sufficient analysis and account for all of her impairments at Step 2

and that as a result the Step 3 Residual Functional Capacity assessment fails to contain all of her

functional limitations.  (Pl.s Br. [26] at 2.)  Specifically, Ms. Bright argues that this case should

be remanded because the ALJ erred by (1) rejecting the diagnosis made by Dr. Berdine and (2)

failing to comment on the diagnosis made by Mr. Brant.  (Pl.'s Obj. [41] at 2–3.)

In regard to Ms. Bright's first argument: I find that the ALJ provided adequate reasons

for rejecting the diagnosis of Dr. Berdine.  Because Dr. Berdine's diagnosis is contradicted by

the subsequent diagnoses of other physicians in the record, namely those of Dr. Cohen and Dr.

Hansen, the ALJ was permitted to reject it so long as he gave "specific, legitimate reasons" for

so doing.  *Thomas v. Barnhart*, 278 F.3d 947, 956–57 (9th Cir. 2002); *Lester v. Chater,* 81 F.3d

821, 830 (9th Cir. 1995).

The ALJ's rejection of Dr. Berdine's testimony was valid because the reasons he

articulated were specific and legitimate.  The ALJ listed several reasons for rejecting Dr.

Berdine's testimony.  (1) While testing was performed, Dr. Berdine did not have the opportunity

to review the claimant's medical records.  (AR [12-3] at 21–22.)  (2) Ms. Bright rushed through some of the testing, which may have affected the results.  *Id.* at 21.  (3) A GAF score is "merely a snapshot" of a person's condition as of that day, and it cannot show if an individual's condition has lasted for twelve months or more.  *Id.* at 22.  Here, Dr. Berdine examined Ms. Bright shortly after she had been sexually abused, which the ALJ found was likely the reason for the temporarily low GAF score.  *Id.*  (4) There is no evidence that Ms. Bright followed through with Dr. Berdine's recommendations.  *Id.*

In regard to Ms. Bright's second argument: I find that the ALJ's failure to comment on the testimony of Mr. Brant does not constitute reversible error because Ms. Bright has failed to demonstrate prejudice.  The court may not remand based on error that is harmless.  *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).  Plaintiff bears the burden of showing than an error is harmful considering the whole record and all the circumstances.  *Id.* at 1054.  Ms. Bright has failed to show prejudice because the ALJ would have been justified in rejecting Mr. Brant's diagnosis, and no prejudice arises from a failure to comment on evidence that merits rejection.

The ALJ would have been justified in rejecting Mr. Brant's diagnosis for largely the same reasons he rejected that of Dr. Berdine.  Mr. Brant, a licensed school psychologist who examined Ms. Bright in 1996, is an "acceptable medical source" under the Social Security Administration's regulations.  *See* 20 C.F.R. § 404.1513(a)(2); AR [12-8] at 26; [12-9] at 1–6.  "Where a treating or examining physician's opinion is contradicted by another doctor, the '[Commissioner] must determine credibility and resolve the conflict.'"  *Valentine v. Comm'r*, 574 F.3d 685, 692 (9th Cir. 2009) (quoting *Thomas v. Barnhart*, 278 F.3d at 956–57).  Specific

and legitimate reasons are required to reject the opinion of a contradicted treating or examining doctor's opinion. *Ryan v. Comm'r*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Mr. Brant's diagnosis, like that of Dr. Berdine, is contradicted by the diagnoses of other treating physicians in the record—namely Dr. Cohen and Dr. Hansen—in that Mr. Brant noted symptoms that were significantly more severe than they did. Therefore, the ALJ's rejection would have been justified had he provided "specific, legitimate reasons" for not fully crediting Mr. Brant's testimony. *See Lester*, 81 F.3d at 830. I conclude that the ALJ erred in failing to make a credibility finding regarding Mr. Brant's opinions. However, this error only requires reversal if it is not harmless. *See Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Id.* at 1115.

In the context of lay witness testimony, the Ninth Circuit has explained that "if an ALJ has provided well-supported grounds for rejecting testimony regarding specified limitations, we cannot ignore the ALJ's reasoning and reverse the agency merely because the ALJ did not expressly discredit each witness who described the same limitations." *Molina*, 674 F.3d at 1120–21. Like medical evidence, lay witness testimony "cannot be disregarded without comment." *Id.* at 1114 (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The same logic applies to the contradicted opinion of an acceptable medical source. Where the ALJ "has already provided" adequate reasons "for rejecting similar testimony," the court is not to reverse "merely because the ALJ did not 'clearly link his determination to those reasons.'" *Id.* at 1121.

Here, a "specific, legitimate reason" for rejecting Dr. Burdine's diagnosis applies with equal force to Mr. Brant's diagnosis. Specifically, Mr. Brant, like Dr. Berdine, examined Ms. Bright shortly after she had been sexually abused, and thus the symptoms that she demonstrated

to him were likely the temporary result of that recent abuse rather than manifestations of a permanent underlying disorder.  The proximity of her abuse and his diagnosis is a "specific, legitimate reason" to reject his diagnosis in favor of that of the other doctors in the record. Because Mr. Brant's opinion is subject to the same discrediting reasons as is Dr. Berdine's, Ms. Bright has failed to show that the ALJ's failure to explain his reasons for discrediting Mr. Brant's diagnosis was prejudicial.

In examining the record as a whole, I conclude that the ALJ's failure to comment on his reasons for discrediting Mr. Brant's evaluation was "inconsequential to the ultimate nondisability determination."  *Molina*, 674 F.3d at 1115.  The error was harmless, and therefore I AFFIRM the decision of the Commissioner.


IT IS SO ORDERED.

DATED this 31st day of July, 2014.


 /s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge